JOHN F. GIRAUD and others *v.* MOSES S. BEACH and JOSEPH W. STAGG.

An action for a libel against members of a company or of an association, neither being partners nor persons having a community of pecuniary interest wherein they could sustain damage, cannot be maintained by them jointly.

So held, where the libel consisted of a newspaper article, charging that members of a certain hose company, without specifying the persons referred to, had committed a theft.

Whether, in such case, any one member of the company could maintain the action? *Dub.*

Where a libel relates to one of several persons, but does not specify to which, such persons cannot, by prosecuting an action for damages, put the defendants upon their defence and compel them to disclose to whom the libel referred.

In order to sustain the action, a plaintiff must prove affirmatively that he is the person referred to in the libel.

In an action commenced by an association of persons to recover damages for a libel; *held,* that it was error to allow, at the trial, the names of several of the original plaintiffs to be stricken out and the substitution of others, without imposing terms or allowing to the defendants any opportunity to prepare for a defence after such change had been made.

A demurrer is never required in case of a mis-joinder of parties, and a defendant may take advantage of the defect whenever it appears during the trial.

ACTION for a libel. One of the defendants, Moses S. Beach, was the publisher of "The New York Sun," and the other, Joseph W. Stagg, the author of an article communicated to that newspaper, which charged that a theft had been committed by members of a certain hose company. The company was mentioned; but the particular members to whom it was intended to impute the crime, were not specified.

The article in question was as follows:

"FIREMEN.—A singular case of remorse of conscience.—One cent reward for the thieves.—A few days since a hat was stolen from me by some of the members of 12 Hose Company, and not being much in need of it, I had relinquished all claims to it, when, lo and behold, it appeared hung up in front of 23's hose carriage house, filled with the brains of the penitent thieves, they having nothing further to offer in atonement for the crime. I forgive them the offence, and advise them to call and take them away, as I apprehend from their subsequent acts that they now fully realize their loss.—JOSEPH W. STAGG."

The company was a volunteer association, organized and acting without pecuniary compensation.

The plaintiffs sued as members constituting the company.

The trial was in the Marine Court, before a jury, and resulted in a verdict and judgment for the plaintiffs, from which the defendant Stagg appealed to this court. The defendant Beach appealed to the general term of the Marine Court, where the judgment was affirmed, but was not, as to him, reviewed in this court.

The questions determined arose principally upon exceptions to points in the charge of the justice in the court below, which, with such additional facts as are material, are fully set forth in the opinion.

*Mason S. Brewster* and *John V. Dixey*, for the defendant Stagg made the following points:

I. The plaintiffs cannot jointly maintain the action, which is the usual naked action for the publication of a libel of and

concerning them. An action for the joint injury to reputation only, by two or more persons, was never known. This is not the case of injury to a firm, whereby loss has been sustained. The complaint alleges no such cause of action, and the testimony does not prove any such case. It is an action for injury to private, joint reputations, and which cannot be maintained. The injured parties must sue separately, if at all. (1 Chit. Pl. (9 Am. ed.) 64; 2 Saund. Pl. and Evi. 117; 10 Moore, 446, 451.)

II. If the plaintiffs should be held to possess such a community of interest as to enable them to sue jointly, then, for that reason, they should specially set out the cause of action together with the injury sustained, and prove it, nothing of which was done in the case.

III. The judge erred in charging the jury that the plaintiffs could jointly maintain the action, and that they were to inquire if the plaintiffs had not sustained a collective injury. 1. There is no allegation in the complaint of injury to the association or corporate character of the plaintiffs, and no attempt to prove any, and thus there can be no pretence of a collective injury. 2. The judge erred in charging that the plaintiffs had a right to come into court and demand to know from the defendants whom they intended to libel. The rule is exactly the reverse. The plaintiffs must prove that the libel is of and concerning them, and nothing is to be inferred against the defendants by their not attempting to prove that they did not mean to libel some one or more of the plaintiffs. The jury were actually misled by the charge in this respect, for by it they supposed the law had cast upon the defendants a duty which they had not attempted to perform, to wit, that of showing that they intended to libel certain ones, in contradistinction to others. It is the essential pre-requisite to the maintenance of the action, that the plaintiff show that the libel is of and concerning him. (2 Saund. Pl. and Evi. 335; Code, § 164, as amended April 16, 1852.)

IV. There is no testimony that the libel was of all the plaintiffs. The reverse is proved. The libel expressly says some of

the company, etc.   All the members sue.   And the jury should have been instructed to inquire whom of all the plaintiffs it was intended to libel.

V. No action can be maintained by two or more persons, or a company, for injury to their individual reputations.   The remedy, if any, is by indictment for a misdemeanor.   (25 Wend. 195–6, 199, 202.)

*Samuel D. Vanderheyden* and *John Graham*, for the plaintiffs, made the following points :

I. The judgment having been affirmed by the general term of the Marine Court as to the defendant Beach, it is *res adjudicata*.   The defendants having been united at the trial, cannot sever upon appeal.

II. The plaintiffs are all persons having an interest in the subject of the action, and in obtaining the relief demanded. (Code, § 117.)   The subject is also "one of a common or general interest."   (Code, § 119.)

III. That the plaintiffs could not jointly bring the suit, but should sue severally, is an objection to the legal capacity of the plaintiffs to sue, which appears on the face of the complaint, and not having been taken by answer or demurrer is waived. (Code, §§ 144 and 148.)

IV. The words are actionable *per se*, and no special damage need be alleged or proved.

V. All the material facts are proven, and in law the publication is an actionable libel.   (*Steel* v. *Southwick*, 9 J. R. 214 ; 2 Smith's Leading Cases, 55 and 57 ; *Van Vechten* v. *Hopkins*, 5 J. R. 218 ; *Ryckman* v. *Delavan*, 25 Wend. 186.)

VI. The charge of the justice is correct, and sustained by authorities heretofore cited, and also by *Dale* v. *Lyon*, 10 J. R. 447 ; *Garr* v. *Selden*, 4 Coms. 91 ; *Gilson* v. *Williams*, 4 Wend. 320 ; *Huff* v. *Bennett*, 4 Sand. 120 ; *Thomas* v. *Rumsey*, 6 J. R. 31 and 32 ; Sedgwick on Damages, 38, 454 to 458, 462, 465.

Giraud v. Beach.

*Moses S. Brewster* and *John V. Dixey*, for the appellant, in reply :

I. The defendants were, if at all, liable severally as well as jointly. They appeared by their several attorneys on the trial, and counsel severally make appeal. The appeal of Beach to the Marine Court general term did not take away the appeal of Stagg to this court.

II. The action being for injury to individual private character, such injury is not the subject of any legal interest on the part of the plaintiffs jointly. The interest affected is necessarily individual and general, and not common. The action is without precedent.

III. The misjoinder of the plaintiffs might perhaps have been cause of demurrer, but the defendant was not bound to demur. He could avail himself of the objection on the trial, and compel a nonsuit or dismissal of the complaint, unless the plaintiffs were saved by amending the complaint. Even if bound to demur in the present case, the error of misjoinder is repeated in the judge's charge, and the charge in that respect is specifically excepted to.

IV. It was necessary to allege in the complaint special damage, and prove it, in order to maintain the suit by the plaintiffs jointly; for if the plaintiffs can sue jointly, it is by reason of the special damages only. The plaintiffs should also have shown express malice, for the circumstances of the publication necessarily repel the presumption of malice. (2 Greenleaf's Evid. § 428.)

By the Court. INGRAHAM, FIRST J.—The plaintiffs, as members of Hose Company No. 12, in the city of New York, sue the defendants to recover from them damages for a libel published in the New York Sun, of which libel one of the defendants was the author and the other the publisher.

The libel charges that a hat was stolen from Stagg by some of the members of that hose company, but does not specify the particular persons referred to.

Upon proof of the admissions of the parties as to the authorship and publication of the libel, the plaintiffs' counsel produced a certificate of the clerk of the city and county of New York that certain persons therein named were the members of Hose Company No. 12, differing as to four of the names from those named as plaintiffs; and such certificate having been received in evidence without objection, he then moved to strike out four names as plaintiffs, and insert the correct names in their place; which motion was granted by the court, and the defendants excepted thereto. Of the propriety of granting such a motion on the trial in an action of libel, even if the court has the power so to do, I think there may well be doubt. The defendants came to trial in such an action with the right to show the plaintiffs' characters in mitigation of damages, and in the present case the answer of one of the defendants expressly denies that the plaintiffs were the persons referred to in the publication, and yet after the trial was commenced the names of some of the plaintiffs were erased and others substituted as plaintiffs, without imposing any terms or allowing the defendants any opportunity to prepare for a defence after such change had been made.

The plaintiffs are always supposed to know their partners or associates, and a stricter rule in regard to an error in this respect is generally enforced than in regard to errors of another kind. It is not necessary, however, to put the decision of this case on this exception.

The justice charged the jury that the plaintiffs, if the jury believed they were the persons alluded to in the article complained of, and that they had been damaged thereby, could recover, to which the defendants' counsel excepted.

He further charged "that as the article was general in its language, and made no specific allusion to any particular person in the company, the plaintiffs had a right to come into court, and by putting them on their defence demand to know from the defendants who were the persons to whom they referred." To this also the defendant excepted. He further charged that when any particular class of the community are

Giraud v. Beach.

pointed out, they may bring and sustain the action;" to which there was an exception. And further—if the jury find the plaintiffs to be the persons referred to individually and jointly, and have sustained collective injury, they may award such damages as they think the case demands.

The objection that the defendants should have demurred is not well taken. In no case is a defendant required to demur because the plaintiffs have joined too many as plaintiffs. Whenever the error appears the defendant may take advantage of it. If no cause of action was made out in behalf of all the plaintiffs, the defendants had the right to take advantage of it on the trial; and if the action could not be maintained by the plaintiffs jointly, then no cause of action by them together is made out.

The plaintiffs are members of a hose company, but as such they are not engaged in any business which could be injured by a libel against the persons forming such company.

It cannot be pretended that in a pecuniary point of view the hose company could be injured. No evidence has been furnished of any such damage; and it seems to me impossible to imagine how any such damage could be occasioned to the plaintiffs collectively.

The only ground upon which a recovery could be had is, that the plaintiffs' characters might be affected by the publication, and the extent of that injury always depends upon the kind of character which the plaintiffs possess. While the character of one might be affected injuriously, that of another would not be injured by general reports such as formed the libel in question. If a joint recovery in favor of all could be sustained, a man whose character is bad, being associated as plaintiff with one whose character is good, would share equally with him in the verdict.

Where a firm is libelled by matter applying to the firm, or to any of its members, in such a manner as to affect the business of the firm, there an action in the name of the firm may be maintained upon the ground that the injury extends to the business of the firm. This has been decided in this court, and

the decision on that point was approved by the Court of Appeals in the same case. (*a*)

I know of no case in which it has been held that a body of men, having no pecuniary interest in their associated character, either as members of a company or directors of a corporation, or trustees of any society, or any particular class, trade, or association, may unite in an action for a libel against such body, class, trade, or association, much less where the libel only charges the offence to have been committed by some of them.

Without deciding whether this action could have been maintained by any one of the plaintiffs, because the libel did not charge the offence upon all, I think there can be no doubt that a joint action in favor of all cannot be sustained. They are not all libelled, as the offence is only charged against some of that body, and as a body there is no injury sustained by them, and they have no community of interest for injury to which such an action can be maintained.

If the libel is specific enough to authorize any one of the plaintiffs to maintain the action, it would be for damages to him personally, and he would in such an action be entitled to recover. (11 Johns. R. 54; 12 ib. 475; 9 ib. 215.)

In most of the cases referred to by the plaintiffs' counsel the right to maintain such an action rests upon the universality of the charge, so that each of the parties composing the body or class may be said to be specially referred to; but where the charge is only upon some of a class or body, and not upon all, a different rule prevails. (*Ryckman.* v. *Delavan,* 25 Wend. 199.) In such a case the only remedy is by indictment, and no civil remedy is allowed.

It is not necessary, however, here to decide whether one of the company could maintain this action. As a body or company, it appears to me there is no ground upon which the plaintiffs can recover.

The court below also erred in instructing the jury that the plaintiffs had a right to come into court, and by putting the

---

(*a*) See *Taylor* v. *Church,* 1 E. D. Smith, 279.

defendants on their defence demand to know from the defendants to whom they referred. This was equivalent to telling the jury that the defendants were bound to show which of the plaintiffs were referred to in the libel when all of the company brought the action. The plaintiffs in an action for a libel, before they can recover, must show affirmatively that the libel referred to them, and until that fact is made out the defendants are not called on to make any defence. Where the libel refers to one of two persons, such person must first establish that he was the person referred to, and he cannot call upon the defendant to prove to which of the two the charge applied.

Other parts of the charge were, I think, also erroneous, which it is unnecessary now to consider. In no view that I can take of the questions raised in this case, can the action be maintained.

The judgment must be reversed as to the appellant Stagg.

Adjudged accordingly. (*a*)

(*a*) A motion was subsequently made to correct or alter the entry of the judgment upon the appeal above determined. See *Giraud* v. *Stagg*, impleaded, etc., *post*, January term, 1855.—REP.

